### GRIFFITHS v. POTTER.

(Supreme Court, Appellate Division, Third Department. June 28, 1900.)

APPEAL—RECORD—REFUSAL OF INSTRUCTIONS.

> An assignment of error for the refusal of the trial court to give requested instructions will not be considered, where the record does not contain the evidence on which such instructions were based.

Appeal from trial term.

Action by William D. Griffiths against Jane Potter. From a judgment in favor of defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and MERWIN, SMITH, KELLOGG, and EDWARDS, JJ.

F. D. Baerman, for appellant.
Conger & Orvis and H. Walter Lee, for respondent.

PARKER, P. J. This is an appeal from a judgment entered upon the verdict of a jury in favor of the defendant and against the plaintiff for $98 damages and $124.13 costs. The record before us contains the summons and pleadings, the judgment entered upon the verdict, and notice of an appeal from such judgment, and from an order of the court denying plaintiff's motion to set aside the verdict and for a new trial. No such order, however, appears in the record. Such record also contains the charge of the judge who tried the case, and the plaintiff's exceptions thereto, and certain requests to him to charge, with his rulings thereon, and exceptions taken by the appellant thereto. None of the evidence appears in the record, and none of the proceedings upon the trial, save the charge, etc., as above stated, and the statement of the rendition of the verdict, and that a motion for a new trial was made by the plaintiff under section 999 of the Code, entertained by the court, and denied. There is also a certificate by the judge who tried the case to the effect that the foregoing case was settled, allowed, and ordered filed. Upon this record we are asked to reverse the judgment and grant a new trial, upon the theory that errors of law were made in the charge, and in refusing to charge as requested, and that the statements made in the charge contain all the evidence necessary to present the rulings to which exceptions were taken, and the questions arising therefrom. From the record before us, it does not appear that any proposition of law therein charged is not correctly stated. As to the requests to charge, we cannot say that either of the refusals was error, because we have no evidence whatever before us, and hence do not know that there was any evidence whatever in

the case to justify the finding upon which the refusal is predicated. It may be that the judge refused to so charge because, as to this case, it was a mere academical question. The judgment must be affirmed, with costs. All concur.